UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
R.S. RAGHAVENDRA,

                                          Plaintiff,

-against-

DONNA P. FENN, THE TRUSTEES OF COLUMBIA
UNIVERSITY, LOUIS D. STOBER, JR., LAW OFFICES
OF LOUIS D. STOBER, JR., EDWARD A. BRILL, GREG
MASHBERG, PROSKAUER ROSE, LLP,

                                          Defendants.
-----------------------------------------------------------------------X
-----------------------------------------------------------------------X
R.S. RAGHAVENDRA , a/k/a RANDY S.
RAGHAVENDRA (founder, Racial Equality Struggles
For Columbia University Employees (RESCUE) ad hoc
Committee; NAFCADA, Long Island),

                                          Plaintiff,

-against-

PAUL A. CROTTY, personally & only in his individual
capacity; UNITED STATES GOVERNMENT, UNITED
STATES ATTORNEY FOR THE SOUTHERN
DISTRICT OF NEW YORK,

                                          Defendants.
-----------------------------------------------------------------------X

For Online Publication Only

**Order to Show Cause &
Order Dismissing Case**
16-CV-4118 (JMA) (SIL)

19-CV-00053 (JMA) (SIL)

**AZRACK, United States District Judge:**

On January 3, 2019, pro se plaintiff R.S. Raghavendra, a/k/a Randy S. Raghavendra ("Plaintiff") filed a complaint in this Court against United States District Judge Paul A. Crotty, S.D.N.Y. ("Judge Crotty"), the United States Government ("United States"), and the United States Attorney for the Southern District of New York ("U.S. Attorney SDNY," and collectively "defendants"). Plaintiff paid the Court's filing fee. **For the reasons that follow, Plaintiff's claims in Case No. 19-CV-00053 (JMA) are sua sponte DISMISSED, with prejudice, as**

1

**frivolous and Plaintiff is ORDERED TO SHOW CAUSE by October 21, 2019 why a filing injunction should not be entered against him.**

Although this Order focuses primarily on Case No. 19-CV-00053 (JMA), because this Order also has some relevance to Case No. 16-cv-4418 (JMA), this Order is also being filed on that docket.

## I. BACKGROUND[1]

Plaintiff is no stranger to the federal courts. The instant action is Plaintiff's seventh[2] federal complaint relating to the termination of his employment with Columbia University and the settlement of his legal claims arising from the termination. Over the years, Judge Crotty has issued numerous orders in a valiant attempt to stop Plaintiff's pattern of frivolous and abusive litigation and his continued defiance of court orders. For example, Judge Crotty sua sponte dismissed Plaintiff's fee paid complaint assigned docket number 17-CV-4480, with prejudice, and directed Plaintiff to withdraw his then-pending complaint in this Court, Raghavendra v. Fenn, 16-CV-4118. Plaintiff has filed numerous appeals, all of which have been unsuccessful in challenging Judge Crotty's orders that are at issue in both the instant suit and in Raghavendra v. Fenn. In one order issued on May 17, 2018, the Second Circuit denied Raghavendra's motions and dismissed his appeals because they lacked an arguable basis either in law or in fact. See Mandate, 17-3816, 17-4070, 17-4079, and 17-4112, 2018 WL 3060505, *1 (2d Cir. May 17, 2018). In that order, the Second Circuit also awarded double costs "against [Raghavendra] . . . because [his] course of conduct in litigating these actions and appeals demonstrates that he has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." See id. (internal citation and quotation

---

[1] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation and grammar have not been corrected or noted.

[2] See Raghavendra v. Trustees of Columbia University, et al., 06-CV-6841 (S.D.N.Y); Raghavendra v. National Labor Relations Board, et al., 08-CV-8120 (S.D.N.Y.); Raghavendra v. Trustees of Columbia University, et al., 09-CV-0019 (S.D.N.Y.); Raghavendra v. Stober, et al., 11-CV-9251 (S.D.N.Y.); Raghavendra v. Penn, 16-CV-4118 (E.D.N.Y.); and Raghavendra v. Booth, et al., 17-CV-4480 (S.D.N.Y.).

marks omitted).

Undeterred, on January 3, 2019, Plaintiff filed the instant fee paid complaint against Judge Crotty, the United States, and the U.S. Attorney SDNY. The complaint is a ninety-eight (98) page diatribe against Judge Crotty concerning his prior federal suits. Annexed to the complaint are an additional seven hundred and seven (707) pages of exhibits. Amongst Plaintiff's disjointed collection of wild allegations are claims that Judge Crotty "masterminded" an "elaborate perjury/fraud/[] bribe/extortion scheme" for which Plaintiff seeks to impose civil and criminal liability. (Compl. ¶ 1.) For example, Plaintiff alleges that "during the past EIGHT years, based on both his obvious racial discrimination animus and or based on his extrajudicial 'financial interest' with one-of-six-cases/client -betraying attorney Stober, 'jurisdiction-lacking & non-recusing' defendant Crotty had violated almost every one of the Rules of Judicial Conduct of Federal Judges . . . ." (Id. ¶ 16.) Plaintiff further claims that:

> From February 2010 to present, defendant Crotty has also been engaged in a continuing pattern and practice of repeated obstruction of justice, racial discrimination, and gaming/tricking even the Second Circuit Court of Appeals to cover-up and obstruct the prosecution of the elaborate perjury/fraud/bribery/extortion scheme masterminded by plaintiff's own out-going/one-of-six-cases/extrajudicial-SDNY-Judge-connections-bragging/bribe-accepting/40 hours attorney Stober by abusing his judicial authority and making a MOCKERY of the American Justice System and issuing various Non-Appealable and Unconstitutional orders that obstruct the Civil Rights Plaintiff to even prosecute the elaborate fraud scheme of even his own one-of-six-cases/client betraying attorney Stober.

(Id. ¶ 16(B)). Plaintiff claims, in conclusory fashion, that, because of his race, national origin, and religion, he has been discriminated against during his litigation before Judge Crotty. (Id. ¶ 22, and generally.)

Plaintiff also complains that the:

Second Circuit Court of Appeals would not even allow any appeal briefing and or oral arguments in over EIGHTEEN APPEALS and WRITS OF MANDAMUS petitions filed by Plaintiff that would have easily exposed Defendant Crotty's unthinkable judicial misconduct, corruption, and almost total disregard for the

3

> meaningful assertion of the constitutional rights of any victims of institutionalized racial discrimination.

(Id. ¶ 131.) Plaintiff alleges that the Second Circuit was somehow "trick[ed]" by Judge Crotty and that is why his eighteen appeals and mandamus petitions were "disregard[ed.]" (Id. ¶ 132.)

As a result, Plaintiff brings claims against Judge Crotty and other defendants pursuant to 18 U.S.C. §§ 242, 371; 42 U.S.C. §§ 1981, 1983, 1985, the Federal Tort Claims Act "FTCA," 28 U.S.C. § 2671, et seq., and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Id. ¶¶ 146–240.) Plaintiff seeks to impose liability against the U.S. Attorney SDNY pursuant to 42 U.S.C. § 1983 for "not initiating any criminal investigation of jurisdiction-lacking SDNY Judge Defendant Crotty to end his continued aiding & abetting of the elaborate fraud . . ." (Id. ¶¶ 241–255.) Finally, Plaintiff seeks to impose liability against the United States for "employer liability for defendant employee Crotty's misconduct and omissions of defendant employee U.S. Attorney." (Id. ¶¶ 256–286.) Plaintiff also claims that the defendants conspired to violate his rights. (Id. ¶¶ 287–290.) For relief, Plaintiff seeks, among other things, injunctive relief and a damages award "of at least fifty million dollars ($50,000,000.00). (Id. at 90.)

On January 22, 2019, Plaintiff filed a motion seeking a temporary restraining order and preliminary injunction against Judge Crotty. On May 3, 2019, Plaintiff filed a motion for a permanent injunction against Judge Crotty. On May 9, 2019, the United States Attorney's Office for the Eastern District appeared on behalf of the United States and the U.S. Attorney SDNY and requested that the Court dismiss this action sua sponte as frivolous.

On July 26, 2019, Plaintiff filed a motion to amend his complaint. Attached to his motion to amend, is a First Amended Complaint ("FAC"), which is 169 pages long. The FAC adds additional claims against Judge Crotty, including claims under the Racketeer Influenced and

Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 et seq. The FAC also names as additional defendants Louis Stober, Columbia University, and Gregg Mashberg (the "Private Defendants"). The FAC still seeks injunctive relief against Judge Crotty, but no longer names as defendants the United States or the U.S. Attorney SDNY.

On July 29, 2019, attorney Karl J. Silverberg filed a notice of appearance on behalf of Plaintiff. On August 9, 2019 and August 16, 2019, the Private Defendants filed letters with the Court seeking various forms of relief. On September 23, 2019, Judge Crotty and the United States Government filed a pre-motion conference letter requesting, inter alia, that the Court sua sponte dismiss this action because all of Plaintiff's claims against Judge Crotty are barred by absolute judicial immunity. On September 24, 2019 and October 5, 2019, Mr. Silverberg filed letters asking that the Court stay this action (and the time for Plaintiff to respond to the letters filed by defendants) for 45 days so that Plaintiff can obtain new counsel.

On October 3, 2019, the Second Circuit imposed a filing injunction on Plaintiff, which directs the Clerk of Court for the Second Circuit to "refuse to accept for filing from [Mr. Raghavendra] any future appeal or other proceeding in this Court unless he first obtains leave of the Court to file such appeal or proceeding." Raghavendra v. Booth, 19-597 (2d Cir. Oct. 3, 2019).

## II. DISCUSSION

**A. Plaintiff's Request for a Stay**

Plaintiff's September 24, 2019 and October 5, 2019 requests for a stay are denied. As explained below, Plaintiff's claims are frivolous and, as such, sua sponte dismissal is appropriate.

The Court also notes that Plaintiff's motions seeking preliminary and permanent injunctions include extensive briefing addressing the issue of absolute judicial immunity and Plaintiff's position as to why such immunity does not preclude his claims against Judge Crotty.

5

Thus, Plaintiff has already had ample opportunity to respond concerning the issue of absolute judicial immunity.

## B. Sua Sponte Dismissal of Frivolous Filings

### 1. Standard of Review

A district court has the inherent power to dismiss a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter regardless of whether a plaintiff has paid the filing fee. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363–364 (2d Cir. 2000) (per curiam); see also Mallard v. United States District Court, 490 U.S. 296, 307–08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); Fed. R. Civ. P. 12(h)(3). Courts within the Second Circuit have not hesitated to dismiss sua sponte claims brought by fee-paying pro se plaintiffs when it is clear such claims "presen[t] no arguably meritorious issue for [the courts'] consideration." Pillay v. INS, 45 F.3d 14, 17 (2d Cir. 1995) (holding appellate court has authority to sua sponte dismiss a frivolous appeal brought by a fee-paying pro se plaintiff); Fitzgerald, 221 F.3d at 363–64 (dismissing sua sponte fee paying pro se plaintiff's claims that were mere reassertions of claims already dismissed as frivolous).

"[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). An action is deemed frivolous as a matter of law when, inter alia, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

### 2. Judge Crotty

Plaintiff's claims against Judge Crotty in both the original complaint and the proposed FAC

are all frivolous. Accordingly, the Court dismisses all of these claims against Judge Crotty with prejudice.

"A judge defending against a section 1983 suit is entitled to absolute immunity from damages for actions performed in his judicial capacity." Ceparano v. Southampton Justice Court, 404 F. App'x 537, 539 (2d Cir. 2011) (quoting Fields v. Soloff, 920 F.2d 1114, 1119 (2d Cir. 1990). "Further, if the judge is performing in his judicial capacity, the 'judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Id. (quoting Stump v. Sparkman, 435 U.S. 349, 356–57 (1978)). Thus, absolute judicial immunity is not overcome by allegations of bad faith or malice, nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles v. Waco, 502 U.S. 9, 13 (1991) (per curiam); Huminski v. Corsones, 396 F.3d 53, 75 (2d Cir. 2005) ("[I]f the relevant action is judicial in nature, the judge is immune so long as it was not taken in the complete absence of jurisdiction"). "[I]n cases of judicial immunity, a Court may dismiss a complaint, *sua sponte*, without affording a hearing or other notice of dismissal." Rolle v. Shields, No. 16-CIV-2487, 2016 WL 3093898, at *1 (E.D.N.Y. June 1, 2016), aff'd, No. 16-2307, 2017 WL 6759305 (2d Cir. Apr. 26, 2017).

Plaintiff's damages claims against Judge Crotty are frivolous because Judge Crotty is entitled to absolute immunity. The acts of Judge Crotty that Plaintiff challenges were clearly made in his judicial capacity. And, Judge Crotty—who issued the orders at issue here in the context of Plaintiff's continued defiance of court orders and vexatious litigation conduct—did not act in clear absence of all jurisdiction. Thus, absolute judicial immunity precludes Plaintiff's damages claims against Judge Crotty.

Absolute immunity also bars Plaintiff's claims for injunctive relief against Judge Crotty. "[I]njunctive relief is not available in an action pursuant to 42 U.S.C. § 1983 against a judicial

officer for acts taken in that official's judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." Gonzalez v. Sharpe, No. 06-CV-1023, 2006 WL 2591065, at *2 (N.D.N.Y. Sept. 8, 2006) (quoting 42 U.S.C. § 1983). "As with § 1983 law generally, th[e] legislative restoration of judicial immunity [in the Federal Courts Improvement Act, Publ. L. No. 104-317, 110 Stat. 3847 (1996)] has been deemed applicable to Bivens actions against federal judicial officers." Id. Thus, in order to pursue declaratory relief against a federal judge, a plaintiff must show that a declaratory decree was violated or that declaratory relief was unavailable.

"Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." Ashmore v. New York, No. 12-CV-3032, 2012 WL 2377403, at *3 (E.D.N.Y. June 25, 2012), aff'd sub nom. Ashmore v. Prus, 510 F. App'x 47 (2d Cir. 2013) (quoting LeDuc v. Tilley, No. 05–CV–157, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005)). Plaintiff contends that declaratory relief is not available to him because the Second Circuit has previously rejected his attempts to appeal Judge Crotty's orders. This argument is meritless. Plaintiff has filed various appeals with the Second Circuit concerning Judge Crotty's orders, some of which were dismissed because the orders Plaintiff sought to challenge were not final appealable orders and others which were dismissed by the Second Circuit on different grounds.[3] Although certain appeals filed by Plaintiff were premature, that does not show that Plaintiff is unable to ultimately appeal Judge Crotty's orders. Moreover, the limitations that the Second Circuit has placed on Plaintiff's ability to file papers in that court does not show that declaratory relief is unavailable to him.[4]

---

[3] As noted earlier, in one of the Second Circuit's recent orders addressing Plaintiff's appeals, the Second Circuit dismissed Plaintiff's appeals as lacking an arguable basis in law or in fact.

[4] Whatever limitations the Second Circuit has imposed (or might impose in the future) on Plaintiff's ability to file appeals are a result of Plaintiff's own conduct and should not considered in determining whether declaratory relief is available to Plaintiff. Declaratory relief was available to Plaintiff and, to the extent its availability has been curtailed, it is Plaintiff's own doing.

Thus, for the reasons stated above, all of Plaintiff's claims in his complaint are frivolous and the Court dismisses those claims with prejudice.

### 3. The Private Defendants

Plaintiff's motion to amend the complaint to add claims against the Private Defendants is denied. On December 1, 2017, Judge Crotty barred Plaintiff from filing "any action against Columbia, Stober, and their attorneys related to the subject matter of [SDNY] Case Nos. 06 Civ. 6841, 08 Civ. 8120, 09 Civ. 0019, and 17 Civ. 4480 in any federal or state court." Judge Crotty also barred Plaintiff from submitting any "'Prohibited Document' as defined [in the December 1, 2017 Order] . . . using the federal court's filing system without [Judge Crotty's prior approval]."

Accordingly, because Plaintiff's proposed claims against the Private Defendants violate Judge Crotty's order, the Court denies Plaintiff's motion to amend his complaint to add claims against the Private Defendants.

### 4. The United States Government and the U.S. Attorney SDNY

Plaintiff's motion to amend indicates that he is no longer pursuing any claims against the United States or the U.S. Attorney SDNY.[5] Although Plaintiff is no longer pursuing claims against either of these defendants,[6] the Court still finds it appropriate to address the underlying merits of these claims, which are patently frivolous. First, because these claims are frivolous, the Court concludes that these claims must be dismissed with prejudice. Second, the frivolousness of the claims against the United States and the U.S. Attorney SDNY is also relevant to the question of whether the Court should enter a filing injunction against Plaintiff and to the scope of any such

---

[5] As the United States points out in its September 23, 2019 letter, the U.S. Attorney's Office for the Southern District is not a proper defendant and any claim against that office would be construed as a claim against the United States.

[6] In the FAC, Plaintiff attempts to reserve the right to name the "U.S. Attorney" as a defendant if the United States Attorney's Office represents Judge Crotty in this action. Any such amendment would be denied as patently frivolous. Plaintiff's suggestion that he has now has a claim against the United States or the United States Attorney for the Eastern District because that office decided to represent Judge Crotty in this litigation is absurd.

9

injunction. Notably, although Plaintiff is no longer pursuing claims against the United States and the U.S. Attorney SDNY, these defendants were still required to analyze and respond to Plaintiff's frivolous complaint and the hundreds of pages of documents attached thereto.

All of Plaintiff's claims against the United States and the U.S. Attorney SDNY—whether brought under the FTCA, Bivens, or any of the various federal statutes cited by Plaintiff—are patently frivolous and are subject to dismissal on various grounds. See 28 U.S.C. § 2674 (provision in the FTCA that entitles the United States "to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim"); 28 U.S.C.A. § 2680(a) (FTCA's discretionary function exception which precludes "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused"); 28 U.S.C.A. § 2680(h) (provision in the FTCA that would preclude a claim against a judge acting in an adjudicative capacity "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights"); Jones v. Nat'l Commc'n & Surveillance Networks, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006), aff'd sub nom. Jones v. Nat'l Commc'ns & Surveillance Networks, 266 F. App'x 31 (2d Cir. 2008) ("The U.S. government has not waived its sovereign immunity for claims under Sections 1981 to 1986 of Title 42."); F.D.I.C. v. Meyer, 510 U.S. 471 (1994) (holding that Bivens claims cannot be brought against federal agencies); Hill v. Didio, 191 F. App'x 13, 14 (2d Cir. 2006) (holding that there is no private right of action under 18 U.S.C. § 242, a federal criminal statute); Leeke v. Timmerman, 454 U.S. 83, 86 (1981) (per curiam) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another.").

Accordingly, the Court finds that all of Plaintiff's claims against the United States and the U.S. Attorney SDNY are frivolous and are dismissed with prejudice.

## C. <u>Order to Show Cause Concerning Filing Injunction</u>

The Second Circuit has upheld the district court's authority to issue a filing injunction when a "plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." <u>Lau v. Meddaugh</u>, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (internal quotations and citations omitted); <u>see</u> <u>also</u> <u>Pandozy v. Tobey</u>, 335 F. App'x 89, 92 (2d Cir. 2009); <u>Williams v. NYC Hous. Auth.</u>, No. 06-CV-5473, 2008 WL 5111105, at *5 (E.D.N.Y. Dec. 4, 2008).

Here, Plaintiff has unquestionably taxed the resources of this Court because "[e]very paper [he has] filed with the Clerk of this Court, no matter how repetitious or frivolous, require[d] some portion of the institution's limited resources." <u>In re McDonald</u>, 489 U.S. 180, 184 (1989). Plaintiff has clearly "abuse[d] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." <u>Lau</u>, 229 F.3d at 123. Plaintiff's history filing of frivolous submissions in other courts, including the Southern District and the Second Circuit is well-documented.

Additionally, as in the actions before Judge Crotty, Plaintiff has blatantly disregarded orders of this Court. In the 16-CV-4418 action, the Court directed Plaintiff, on multiple occasions, to not file any further submissions until otherwise directed by the Court. (See Jan. 17, 2017 Order; Dec. 14, 2017 Order.) Plaintiff was warned that violating this order may result in him being held in contempt. Nevertheless, Plaintiff persisted in filing repetitive, vexatious, and frivolous filings in the 16-CV-4418 action.

**Given Plaintiff's actions in both of his cases before this Court, Plaintiff is ORDERED TO SHOW CAUSE, in writing, by October 21, 2019 why this Court should not enter an order barring Plaintiff from:**

> **(1) filing in the Eastern District of New York, any documents barred by Judge Crotty's orders (including, but not limited to, Judge Crotty's December 1, 2017 order)[7];**
>
> **(2) filing in the Eastern District of New York, any additional documents on the docket for Case Nos. 16-cv-4418 (JMA) or 19-cv-00053 (JMA) other than a notice of appeal; and**
>
> **(3) filing in the Eastern District of New York and any other federal district court, any action against Judge Crotty, United States or the United States Attorneys for the Southern District and the Eastern District related to the subject matter of Case Nos. 16-cv-4118 (JMA) or 19-cv-00053 (JMA).**

**Plaintiff is also ORDERED TO SHOW CAUSE, in writing, by October 21, 2019, why this Court should not enter an order barring Plaintiff from filing any documents in the Eastern District of New York without first seeking and obtaining prior approval from this Court.**

**Plaintiff is also ORDERED TO SHOW CAUSE, in writing, by October 21, 2019, why this Court should not enter an order adopting the procedure set forth below concerning any applications submitted by Plaintiff seeking approval from this Court to file a document in the Eastern District of New York:**

> **a) Any request for this Court's approval to file a document must not exceed three (3) pages in length and must include a copy of Plaintiff's proposed filing.**
>
> **b) Any request for approval must explain why Plaintiff's proposed filing is not barred by: (1) Judge Crotty's orders (including, but not limited to, Judge Crotty's December 1, 2017 order); and (2) this Court's orders.**

---

[7] Judge Crotty December 1, 2017 Order bars Plaintiff from: (1) submitting any "'Prohibited Document' as defined [in the December 1, 2017 Order] . . . using the federal court's filing system without [Judge Crotty's prior approval]"; and (2) bars Plaintiff from filing "any action against Columbia, Stober, and their attorneys related to the subject matter of [SDNY] Case Nos. 06 Civ. 6841, 08 Civ. 8120, 09 Civ. 0019, and 17 Civ. 4480 in any federal or state court."

**c)  If Plaintiff files such a request for approval to file a document with this Court, Plaintiff is precluded from submitting any additional requests for approval to file until this Court rules on the one request for approval pending before it.**

**d)  If the Court denies a request for approval to file a document, Plaintiff will be precluding from filing the subject document and the subject document will be returned to Plaintiff without docketing or consideration.**

**e)  If Plaintiff attempts to file a document in the Eastern District of New York without first seeking the approval of this Court, the Clerk of Court will return that document to Plaintiff without docketing or consideration.**

D.  <u>Sanctions</u>

At this time, the Court denies the Private Defendants' request for sanctions without prejudice.  Plaintiff is warned that if he violates any of this Court's orders and/or engages in any further vexatious and frivolous litigation, the Court may impose monetary sanctions and, if necessary to ensure Plaintiff's compliance with the Court's orders, civil confinement.  In the event that the Court finds at some later date that sanctions are appropriate, the Court will, in determining the appropriate sanction award, also consider any prior sanctionable conduct that Plaintiff has already engaged in to date.

E.  <u>Defendants' Motion to Strike</u>

The Court grants the Private Defendants' motion to strike.  (ECF Nos. 22, 24.)  The Clerk of the Court is directed to limit access for all of Plaintiff's filings in 19-CV-00053 (JMA) to the parties.

### III.  CONCLUSION

For the reasons set forth above, the 19-CV-00053 (JMA) action and all of Plaintiff's claims against Judge Crotty, the United States of America, and the U.S. Attorney SDNY are dismissed with prejudice.  The Clerk of the Court is directed to enter judgment accordingly and to mark that case closed.

All of Plaintiff's motions, including his motion to amend that seeks to add claims against the Private Defendants, are denied. (ECF Nos. 10, 14, 18, 19, 26, 28.)

**Plaintiff must respond, in writing, to the Court's Order to Show Cause by October 21, 2019.**

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma pauperis, such status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Nothing in this Order or in the Court's September 30, 2019 Order in Case No. 16-CV-4418 (JMA) precludes Plaintiff from filing a notice of appeal in Case No. 19-CV-00053 (JMA) or Case No. 16-CV-4418 (JMA). However, this Court's Orders do not affect, in any fashion, orders issued by the Second Circuit or Judge Crotty that may preclude or limit Plaintiff's ability to file documents with the Second Circuit.

**SO ORDERED.**　　　　　　　　　　　　　　\_\_\_\_\_/s/ (JMA)_____
　　　　　　　　　　　　　　　　　　　　　　Joan M. Azrack
Dated: October 7, 2019　　　　　　　　　　United States District Judge
　　　　Central Islip, New York