UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X    For Online Publication Only
R.S. RAGHAVENDRA,

                                         **Order**
                Plaintiff,            16-CV-4118 (JMA) (SIL)

       -against-

DONNA P. FENN, THE TRUSTEES OF COLUMBIA
UNIVERSITY, LOUIS D. STOBER, JR., LAW OFFICES
OF LOUIS D. STOBER, JR., EDWARD A. BRILL, GREG
MASHBERG, PROSKAUER ROSE, LLP,

                Defendants.
---------------------------------------------------------------------X
---------------------------------------------------------------------X
R.S. RAGHAVENDRA, a/k/a RANDY S.
RAGHAVENDRA (founder, Racial Equality Struggles
For Columbia University Employees (RESCUE) ad hoc
Committee; NAFCADA, Long Island),

                Plaintiff,

       -against-                                      19-CV-00053 (JMA) (SIL)

PAUL A. CROTTY, personally & only in his individual
Capacity; UNITED STATES GOVERNMENT, UNITED
STATES ATTORNEY FOR THE SOUTHERN
DISTRICT OF NEW YORK,

                Defendants.
---------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      On October 7, 2019, this Court issued an Order to Show Cause in Case No. 19-CV-53 (JMA) and Case No. 16-cv-4118 (JMA). Plaintiff was directed to show cause why this Court should not enter a filing injunction against him. The details of the potential filing injunction were set out in the October 7, 2019 order. The October 7, 2019 Order also dismissed all of Plaintiff's claims in 19-CV-53 and denied Plaintiff's motion to amend.

      On October 17, 2019, Plaintiff filed a combined response to the Order to Show Cause and

1

motion seeking reconsideration of the October's 7, 2019 Order's disposition of the case.

On July 8, 2020, the Second Circuit denied Plaintiff's motion that sought leave to appeal this Court's dismissal of his claims in 16-cv-4418. (16-cv-4418 (ECF No. 93).) The Second Circuit explained that Plaintiff's motion seeking leave to file this appeal did not "depart from [his] 'prior pattern of vexatious filings.'" (Id.) Plaintiff subsequently sought permission from the Second Circuit to file a motion to recall the Second Circuit's mandate. That request is still pending.

On July 9, 2020, Plaintiff filed a motion in 19-CV-53 seeking to withdraw all of his claims in that action without prejudice so that he can pursue his claims in state court.

### A. Motion for Reconsideration

The Court has considered Plaintiff's motion for reconsideration and finds no basis to reconsider the October 7, 2019 Order and its disposition of the claims in 19-CV-53. The Second Circuit's denial of Plaintiff's attempt to appeal 16-cv-4118 only further confirms that this Court's disposition of 19-CV-53 in the October 7, 2019 Order was correct and, as explained below, that the Court's imposition of the proposed filing injunction would is appropriate.

### B. Filing Injunction

The Second Circuit has upheld the district court's authority to issue a filing injunction when a "plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (internal quotations and citations omitted); see also Pandozy v. Tobey, 335 F. App'x 89, 92 (2d Cir. 2009); Williams v. NYC Hous. Auth., No. 06-CV-5473, 2008 WL 5111105, at *5 (E.D.N.Y. Dec. 4, 2008).

In addition to continuing to insist that his previously dismissed claims against Judge Crotty and others are meritorious, Plaintiff generally contends that the Court's Order to Show Cause

2

violates his constitutional rights to "Prosecute the Various Never-Before-Litigated Misconduct Claims in this EDNY District Court."  While Plaintiff generally objects to the Court's proposed filing injunction, Plaintiff does not challenge any of the particular details of the proposed filing injunction.

The Court finds that none of Plaintiff's arguments against the proposed filing injunction are persuasive and that imposing this filing injunction is warranted and necessary here.  Plaintiff's response indicates that, absent the filing injunction, he will continue to try to litigate claims that have already been dismissed by this Court and Judge Crotty.

Plaintiff has unquestionably taxed the resources of this Court because "[e]very paper [he has] filed with the Clerk of this Court, no matter how repetitious or frivolous, require[d] some portion of the institution's limited resources."  In re McDonald, 489 U.S. 180, 184 (1989). Plaintiff has clearly "abuse[d] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." Lau, 229 F.3d at 123.  Plaintiff's history of filing frivolous and vexatious submissions in other courts, including the Southern District and the Second Circuit is well-documented.  Accordingly, the Court enters the following filing injunction.

**Plaintiff is hereby barred from:**

**(1) filing in the Eastern District of New York, any documents barred by Judge Crotty's orders (including, but not limited to, Judge Crotty's December 1, 2017 order)[1];**

**(2) filing in the Eastern District of New York, any additional documents on the docket for Case Nos. 16-cv-4118 (JMA) or 19-cv-53 (JMA) other than a notice of appeal; and**

**(3) filing in the Eastern District of New York and any other federal district court, any action against Judge Crotty, the United States or the United States Attorneys for the Southern District and the Eastern District related to the subject matter of Case Nos. 16-cv-4118 (JMA) or 19-cv-53 (JMA).**

---

[1]  Judge Crotty's December 1, 2017 Order bars Plaintiff from:  (1) submitting any "'Prohibited Document' as defined [in the December 1, 2017 Order] . . . using the federal court's filing system without [Judge Crotty's prior approval]"; and (2) bars Plaintiff from filing "any action against Columbia, Stober, and their attorneys related to the subject matter of [SDNY] Case Nos. 06 Civ. 6841, 08 Civ. 8120, 09 Civ. 0019, and 17 Civ. 4480 in any federal or state court."

>**Plaintiff is also hereby barred from filing any documents in the Eastern District of New York without first seeking and obtaining prior approval from this Court pursuant to the procedures set out below:**
>
>**a) Any request for this Court's approval to file a document must not exceed three (3) pages in length and must include a copy of Plaintiff's proposed filing;**
>
>**b) Any request for approval must explain why Plaintiff's proposed filing is not barred by: (i) Judge Crotty's orders (including, but not limited to, Judge Crotty's December 1, 2017 order); and (ii) this Court's orders;**
>
>**c) If Plaintiff files such a request for approval to file a document with this Court, Plaintiff is precluded from submitting any additional requests for approval to file until this Court rules on the one request for approval pending before it;**
>
>**d) If the Court denies a request for approval to file a document, Plaintiff will be precluded from filing the subject document and the subject document will be returned to Plaintiff without docketing or consideration; and**
>
>**e) If Plaintiff attempts to file a document in the Eastern District of New York without first seeking the approval of this Court, the Clerk of Court will return that document to Plaintiff without docketing or consideration.**

## C. Remaining Issues

Plaintiff's motion to withdraw his claims without prejudice so that he can pursue his claims in state court is denied. Plaintiff is warned that frivolous litigation in state court concerning matters that have previously been dismissed in federal court may warrant the imposition of additional sanctions by this Court.

Finally, the Court addresses two minor administrative matters. First, Plaintiff notes that the order docketed at ECF No. 91 in 16-cv-4118 is incorrectly dated September 30, 2018. The correct date is September 30, 2019. That order is hereby amended to reflect to correct date.

Second, Plaintiff has requested that ECF access be allowed for all documents for purposes of filing an appeal. It is unnecessary for the Court to take any action at this time because the Court's prior order only limited, to the parties, ECF access to the filings on the docket. Plaintiff should be able to access all of the docket entries on ECF for purposes of filing an appeal.

### D. **Conclusion**

For the forgoing reasons, the Court denies Plaintiff's motion for reconsideration and imposes the filing injunction set out above.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, should plaintiff seek leave to appeal *in forma pauperis*, such status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                          _____/s/ (JMA)_____
                                                                       Joan M. Azrack
Dated:   November 30, 2020                         United States District Judge
             Central Islip, New York

5